UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
JOSEPH GIACALONE, D.C., CHARLES
SOLANO, D.C., GYSBERTUS DELAGE,
ZOILA ALTY, LEANORA SMITH, and          04 Civ. 10300 (MGC)
PABLO DIAZ,

<u>MEMORANDUM OPINION</u>

        Plaintiffs,


    - against -


DAVID WEHNER, as CHAIRMAN OF THE
NEW YORK STATE WORKERS' COMPENSATION
BOARD, and GREGORY V. SERIO, as
SUPERINTENDENT OF THE NEW YORK STATE
INSURANCE DEPARTMENT,

                Defendants.
--------------------------------X


APPEARANCES:


        LAW OFFICES OF MARK KRESSNER, ESQ.
        Attorneys for Plaintiffs
        10 West Fordham Road
        Bronx, NY 10468

        By:  Mark Kressner, Esq.



        ELIOT SPITZER
        Attorney General of the
        State of New York
        Attorney for Defendants
        120 Broadway, 24th Floor
        New York, NY 10271

        By:  Lewis A. Polishook, Esq.
             Assistant Attorney General

**CEDARBAUM, J.**

Two licensed chiropractors and four of their patients commenced this action against David Wehner, Chairman of the New York State Workers' Compensation Board, and Gregory Serio, Superintendent of the New York State Insurance Department. The complaint alleges that a fee schedule which sets the billing rates for the treatment of patients pursuant to New York's workers' compensation and no-fault insurance programs, violates plaintiffs' federal constitutional rights under the due process and equal protection clauses of the Fourteenth Amendment of the Constitution.

Defendants move to dismiss plaintiffs complaint pursuant to Fed. R. Civ. P. 12(b)(6). At the oral argument, I granted defendants' motion with respect to all but the chiropractors' equal protection claim. For the reasons that follow, defendants' motion to dismiss that claim is granted.

DISCUSSION

The Workers' Compensation Law of New York is designed to provide workers with a means of receiving compensation from their employers for the treatment of workplace-related injuries. <u>See</u> WCL § 13(a). New York's Comprehensive Motor Vehicle Insurance Reparations Act, the "No-Fault Law", Ins. Law § 5101 <u>et seq.</u>, provides a means "for compensating victims of automobile accidents for their economic losses without regard to fault or

negligence." <u>Oberly v. Bangs Ambulance, Inc.</u>, 96 N.Y.2d 295, 296, 727 N.Y.S.2d 378, 379 (2001). In accordance with the WCL, the Workers' Compensation Board has promulgated fee schedules setting forth the billing rates for the treatment of workers' compensation patients, including the rates for chiropractic services. <u>See</u> WCL § 13(a); 12 N.Y.C.R.R. §§ 348.1 and 348.2. The fee schedules have been adopted by the Superintendent of the Insurance Department to govern the rates for the treatment of patients pursuant to the No-Fault Law. 11 N.Y.C.R.R. § 68.1.

Plaintiffs contend that the fee schedule deprives them of the equal protection of the laws by providing lower rates for chiropractors than for physical therapists performing the same treatment.

Both sides agree that the regulation attacked on its face in this case does not involve a suspect classification which requires strict scrutiny. Accordingly, the regulation "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." <u>F.C.C. v. Beach Comms., Inc.</u>, 508 U.S. 307, 313 (1993). A court "must look for 'plausible reasons' for the legislative action, whether or not such reasons underlay the legislature's action." <u>Beatie v. City of New York</u>, 123 F.3d 707, 712 (2d Cir. 1997) (citing <u>United States R.R. Retirement Bd. v. Fritz</u>, 449 U.S. 166, 179 (1980)). The government "has no obligation to produce evidence to sustain

the rationality" of the classification. <u>Heller v. Doe</u>, 509 U.S. 312, 320 (1993). The burden is on the plaintiff to disprove every conceivable basis which might support the classification, "whether or not the basis has a foundation in the record." <u>Id.</u> at 320-21.

Defendants argue that the difference in rates of chiropractors and physical therapists is a rational means of containing the costs of the workers' compensation and no-fault insurance programs, an objective that plaintiffs concede is a legitimate governmental goal. Physical therapists are subject to certain cost limitations that do not apply to chiropractors. Under the WCL and the fee schedule, absent preauthorization physical therapists are limited to twelve office visits, to rendering treatment over no more than forty-five calendar days, and to billing no more than $500 in the aggregate for their services. <u>See</u> WCL § 13-a(5); 12 N.Y.C.R.R. § 329.3. In addition, physical therapists may only treat patients pursuant to a referral from a licensed physician, dentist, podiatrist, or nurse practitioner and in accordance with the diagnosis of the referring professional. <u>See</u> Educ. Law § 6731(c). Under the fee schedule, physical therapists are also subject to direct or indirect physician supervision. <u>See</u> 12 N.Y.C.R.R. § 329.3. By contrast, chiropractors are not subject to any of these limitations.

These differences provide a rational basis for distinguishing chiropractors from physical therapists in the setting of rates for the workers' compensation and no-fault insurance programs. In light of the limitations placed on physical therapists, the Workers Compensation Board could reasonably have concluded that physical therapists and chiropractors are not similarly situated, and that compensating chiropractors at a lower rate per patient would be a rational means of containing the programs' overall costs.

Because it cannot be said that setting different rates for chiropractors and physical therapists is irrational, the fee schedule at issue does not deprive plaintiffs of the equal protection of the laws as prohibited by the Fourteenth Amendment.


CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiffs' equal protection claim is granted.


SO ORDERED.


Dated:    New York, New York
          September 21, 2005


                    S/ _____
                        MIRIAM GOLDMAN CEDARBAUM
                        United States District Judge